PER CURIAM.
 

 This is an action by the trustee in bankruptcy to recover $9,660.15 realized by defendant, Alpena Savings Bank, from the sale of six vehicles which the bankrupt had surrendered to the bank before adjudication in bankruptcy. The bank contends that the vehicles were covered by a security agreement dated April 20, 1973, and that their transfer was not a preference under Section 60 of the Bankruptcy Act, 11 U.S.C. § 96. The district court so held in reversing the decision of the bankruptcy court. We affirm.
 

 The bankrupt and the bank executed two documents on April 20, 1973 — a Floor Plan Accommodation Commitment and a Dealer Floor Plan Security Agreement. On August 27, 1975, the bankrupt turned over ten vehicles to the bank as he went out of business. The trustee does not dispute the perfected security interests on four of the
 
 *277
 
 vehicles as against him. However, none of the other six notes refer specifically to the Dealer Floor Plan Security Agreement. The trustee contends that for the bank to have a valid security interest in these vehicles, each loan made under the Dealer Floor Plan Security Agreement must have been evidenced by a separate note and security agreement. In his view, the parties did not intend that the agreement could stand alone as a security agreement covering the six vehicles.
 

 The bank contends that the Dealer Floor Plan Security Agreement evidences the intention of the parties and constitutes a valid security agreement for the vehicles in question. The purpose of the agreement was stated in paragraph one: “The Dealer has applied to the Bank for credit under what is commonly called the Floor Plan for Used Cars.” Paragraph three, however, grants a security interest:
 

 The Dealer grants the Bank a security interest
 
 in all inventory
 
 financed through these transactions and agrees that it acquires such inventory subject to the Bank’s security interest despite any documents which, of themselves, might indicate an absolute passage of title to the Dealer, (emphasis added).
 

 Thus, while the Dealer Floor Plan Security Agreement intended to finance the acquisition of used cars, a security interest was granted in “all inventory financed through these transactions.”
 

 This method of financing inventories of automobile dealerships is in compliance with the Uniform Commercial Code and with Michigan law which requires the debt- or to sign a security agreement describing the collateral in order to have an enforceable security interest. Mich.Comp.Laws Ann. § 440.9203. Such description must reasonably identify that which is described. Mich.Comp.Laws Ann. § 440.9110. The security interest, granted in the Dealer Floor Plan Security Agreement, covered “all inventory financed through these transactions.” The description of the collateral meets the requirements of a security agreement. Such description in the Dealer Floor Plan Security Agreement itself is not overly broad. The collateral was reasonably identified, and the description was sufficient as a matter of law.
 
 Wambach v. Randall,
 
 484 F.2d 572 (7th Cir. 1973).
 

 Accordingly, the judgment of the district court is affirmed.